UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONNA FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

<u>COMPLAINT</u>

Now comes the Plaintiff, DONNA FRAZIER, by her attorney, ROGER S. HUTCHISON, and complaining against the defendant, states:

1.    Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. Sect. 1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long-term disability insurance plan administered by Metropolitan Life Insurance Company ("MetLife") for the benefit of employees, including the Plaintiff, of NOW Health Group, Inc.

2.    The ERISA statute provides, at 29 U.C.C. Sect. 1133, a mechanism for administrative or internal appeal of benefits denials.

3.    Plaintiff has exhausted all of her pre-suit appeals. Venue is proper in the Northern District of Illinois 29 U.S.C. Sect. 1132(e)(2), 28 U.S.C. Sect. 1391.

## Nature of Action

4. This is a claim seeking recovery of disability income benefits pursuant due under an employee benefits plan, which provided long term disability benefits under policy 36-2792168 ("the Policy")(a true and accurate copy of the policy is attached hereto as Exhibit "A")  This action is brought pursuant to Sect. 502(a)(1)(B)of ERISA (29 U.S.C. Sect. 1132 (a)(1)(B).  Plaintiff also seeks attorney's fees pursuant to 29 U.S.C. Sect. 1132(g) and ERISA Sect. 502(g).

## The Parties

5.    DONNA FRAZIER ("FRAZIER"), age 63 (born in 1954) at all relevant times, is a resident of the City of Chicago, Cook County, Illinois, and all the events, transactions and occurrences relevant to Plaintiff's claim of disability took place predominantly within the Northern District of Illinois.

6.    At all times relevant hereto, the LTD policy constituted an "employee welfare benefit plan" as defined by 29

U.S.C. Sect. 1002(1). Incident to her status as an employee of Now Health Group, Inc., Plaintiff received coverage under the Policy as the "Insured" as defined by Sect. 1002(7). This claim relates to benefits under the foregoing LTD Policy.

7. At all times relevant hereto, the LTD policy constituted an "employee welfare benefit plan" as defined by 29 U.S.C. Sect. 1002(1); and incident to her employment, FRAZIER received coverage under the Policy as a "participant" as defined by 29 U.S.C. Sect. 1002(7).

## Statement of Facts

8. FRAZIER was actively and successfully employed by Now Health Group, Inc. as a Processing Operator, until December 13, 2013, when she had to cease working due to the diagnoses of brain neoplasm; non-Hodgkin's lymphoma with chronic headaches and chronic pain; and depression and anxiety with continued pain complaints and memory problems.

9. FRAZIER has not engaged in any substantial gainful activity since December 13, 2013.

10. FRAZIER subsequently filed an application for long-term disability benefits under the LTD Policy, alleging that her disabling medical conditions rendered her unable to work, and citing to medical treatment that evidenced her disability.

11. FRAZIER was found by METLIFE to meet the definition of disability and was paid long term disability benefits under

3

the policy from June 15, 2014 until April 14, 2016 in the amount of $1,517.32 per month, minus reduction for SSDI benefits of $649.00 per month, resulting in a net benefit of $868.32 per month.

12.  As encouraged by METLIFE, ANDERSON filed a claim for Social Security Disability Insurance and was approved for Social Security Disability Insurance benefits of $649.00 per month with an entitlement date of June 1, 2014, and METLIFE received the benefit of the reduction of the SSDI benefits from the Long-Term Disability benefits paid by METLIFE.

13.  On May 3, 2016, METLIFE sent FRAZIER a notice that it terminated FRAZIER's LTD benefits as of April 14, 2016, based upon the unreasonable position of METLIFE that FRAZIER was no longer disabled pursuant to the terms of the Policy.

14.  After receiving METLIFE's prospective denial of long term disability benefits, FRAZIER submitted an appeal of the benefits denial.

15.  Without cause or reasonable justification, METLIFE denied FRAZIER's appeal and affirmed its decision to terminate benefits by a letter dated October 6, 2016.

16.  METLIFE's actions have now foreclosed all avenues of administrative appeal and this matter is ripe for judicial review.

17.  FRAZIER is entitled to long-term disability benefits in the amount of $868.32 per month from April 14, 2016 to the

present plus interest, continuing benefits and attorney's fees.

## REQUEST FOR RELIEF

WHEREFORE, Plantiff prays for the following relief:

A.    That the court enter judgment in Plaintiff's favor and against the Defendant for Plaintiff's past-due long term disability income benefits under the Policy;

B.    That the court order the defendants to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

C.    That the court award attorney's fees pursuant to 29 U.S.C. Sect. 1132(g); and

D.    That Plaintiff recover all costs of suit.

Respectfully submitted,

/s/ *Roger S. Hutchison*
Attorney for Plaintiff

Roger S. Hutchison
Hutchison Law
16860 South Oak Park Avenue
Suite 100
Tinley Park, Illinois 60477
708-532-7777